1
2
3
4
5
6
7

H. G. Robert Fong, ESQ. State Bar # 53535
444 S. Flower Street, Suite 1500
Los Angeles CA 90071-1435
Telephone (213) 488-1400

APPELLANT IN PRO PER

8       **UNITED STATES COURT OF APPEALS**
9           **FOR THE NINTH CIRCUIT**

10
11
12
13
14
15
16
17
18
19
20
21
22

| | |
|---|---|
| HOW GUIN ROBERT FONG,<br>                  Appellant,<br>         and<br><br>JUN-EN ENTERPRISE, a Taiwan<br>corporation; et al.,<br>                  Plaintiffs,<br><br>         v.<br><br>PETER K. LIN; et al.,<br>                  Appellees,<br>         and<br><br>SHI RU YANG; et al.,<br>                  Defendants | Case No:      14-55694<br><br>D.C. No. 2:12-cv-02734-PSG-SS<br>Central District of California,<br>Los Angeles<br><br>**APPELLANT H.G. ROBERT FONG'S RESPONSE TO THE CLERK'S MAY 13, 2014 ORDER TO SHOW CAUSE FOR DISMISSAL SUGGESTING LACK OF SUBJECT MATTER JURISDICTION** |

23
24
25
26

**TO THE HONORABLE CLERK OF THE NINTH CIRCUIT COURT OF APPEALS AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

27
28

    Appellant H.G. Robert Fong hereby submits his Response to the clerk's May 13, 2014 Order Re: Subject Matter jurisdiction.

1    As a preliminary matter, H. G. Robert Fong (Appellant) reminds the Court

2 that on June 3, 2014 his paralegal contacted Ms. Stephanie McMahon (Motions

3 Attorney/Deputy Clerk) to inform the Court that Appellant was unable to sign in to

4 the Ninth Circuit's ECF system, as it does not accept an attorney's district Court's

5 ECF account information.  Ms. McMahon agreed to wait a few days for ECF

6 registration and submission of Appellant's Response.

7    On June 4, 2014 Appellant received approval for his Ninth Circuit ECF

8 account.  Accordingly, Appellant submits his Response as soon as he was granted

9 access to the Ninth Circuit ECF system.  Appellant appreciates Ms. McMahon's

10 understanding in this matter.

11

12

13    Appellant H.G. Robert Fong, in appreciating the Clerk's time to inform the

14 litigants of potential subject matter jurisdictional issues, submits a simple

15 streamlined response on why the Ninth Circuit Court of Appeals should not

16 dismiss the appeal based upon the following new matters:

17

18 • Since receiving the Clerk's Notice, the District Court Ordered entry of

19    Default, and Ordered a default judgment be entered on of before June 23,

20    2014. The Ninth Circuit's "*practical sense" and "common sense" approach*

21    *to finality* allows filed appeals to proceed, albeit technically questionable

22    especially when a final judgment is on the immediate horizon.

23

24 • Since the Clerk issued the May 13, 2014 Order, several new facts have

25    transpired.  On May 28, 2014 the District Court entered Default against the

26    Counter-Defendants [A true and correct copy of the Order and Minute Order

27    is attached hereto as Exhibits "A" and "B" respectively.]

28

1

- The District Court has Ordered a Default judgment be entered on or before June 23, 2014 [Exhibit B].  At that point, Appellant can immediately re-file another Notice of Appeal, and pay yet another duplicative filing fee.

- Appellant respectfully requests the Ninth Circuit to hold the filed Notice of Appeal in abeyance until June 23, 2014 when any question of jurisdiction will be resolved, allowing the Appellant's appeal to proceed without the need for filing additional paperwork and paying duplicative fees.

- Alternatively, the Court has jurisdiction under the **Collateral Order doctrine** See <u>Riverhead Sav. Bank v. National Mortg. Equity Corp.</u> (9th Cir. 1990) 893 F.2d 1109, 1113-15, citing <u>Cohen v. Beneficial Indus. Loan Corp.</u>*,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26, 93 L.Ed. 1528 (1949),

I.     <u>**THE NINTH'S CIRCUIT EMPOWERMENT FOR *PRACTICALITY* AND *COMMON SENSE* WEIGHS IN FAVOR OF HOLDING THE APPEAL OPEN APPROXIMATELY THREE WEEKS, UNTIL JUDGMENT BY DEFFAULT IS ENTERED.**</u>

Subsequent to the Clerk's May 13, 2014 Order, the District Court issued an order for Default against Plaintiffs [Exhibit A].  The Court also Ordered that Judgment by Default be taken on of before June 23, 2014 [Exhibit B].

The moment the Default Judgment is entered, Appellant can of course resubmit his paperwork, and pay a duplicative filing fee.  However, this appear to create extra work for all parties, in closing appeals, reopening new appeals, and paying new appellate fees previously paid approximately 1 month ago.

2

1    Respectfully, Appellant requests the Clerk of the Ninth Circuit Court of
2  Appeals continue to stay only a few more weeks to avoid unnecessary and
3  duplicative work, and not dismiss the appeal until May 27, 2014.

4

5    **II.**    **THIS COURT'S RULE 11 SANCTIONS ORDER MEETS THE**
6    **STANDARDS FOR THE COLLATERAL ORDER EXCEPTION**

7    In <u>Riverhead Sav. Bank v. National Mortg. Equity Corp.</u> (9th Cir. 1990) 893
8  F.2d 1109, 1114, the Ninth Circuit held:

9

10    The collateral order doctrine allows appeal from a small
      class of interlocutory orders. *Cohen v. Beneficial Indus.*
11    *Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225–26,
      93 L.Ed. 1528 (1949). "To come within the 'small class'
12    of decision excepted from the final-judgment rule by
13    *Cohen,* the order must conclusively determine the
      disputed question, resolve an important issue completely
14    separate from the merits of the action, and be effectively
15    unreviewable on appeal from a final judgment." *Coopers*
16    *& Lybrand v. Livesay,* 437 U.S. 463, 468, 98 S.Ct. 2454,
      2458, 57 L.Ed.2d 351 (1978).
17

18

19    **a.  The First Prong is Met.**

20    Sanctions imposed during the pendency of a case, but not made immediately
21  payable, may be rescinded later or modified by the court. <u>*Kordich,*</u> 715 F.2d at
22  1393 n. 2. **When the district court makes the order subject to execution <u>prior</u>**
23  **<u>to final judgment</u>, however, it is clear that the decision is not tentative**. *See*
24  <u>Ortho Pharmaceutical Corp. v. Sona Distributors,</u> 847 F.2d 1512, 1515 (11th
25  Cir.1988); <u>Cheng v. GAF Corp.,</u> 713 F.2d 886, 889 (2d Cir.1983).
26    On March 28, 2013 the District Court made its order setting fees,
27  accordingly this Order was not "tentative" and was <u>final</u>.  Thus fulfilling the first
28  requirement under <u>Riverhead</u>.

3

1

   **b.  The Second Prong is Met.**

2
   The order also meets the second condition for immediate appealability under

3
the *Cohen* doctrine: it resolves an important issue separate from the merits.

4
Because the sanctions award is substantial—$15,000—it raises an important issue.

5
*See Ortho Pharmaceutical Corp.,* 847 F.2d at 1515–16. The issue raised by an

6
award of sanctions for the filing of frivolous counterclaims, which were dismissed

7
from the case, is also separate from the merits of the case; the court need not

8
discuss the merits of the remaining claims in order to determine whether the

9
dismissed claims were frivolous. *See* White v. New Hampshire Dep't of

10
Employment Sec.*,* 455 U.S. 445, 451–52, 102 S.Ct. 1162, 1166–67, 71 L.Ed.2d

11
325 (1982); Ortho Pharmaceutical Corp.*,* 847 F.2d at 1515–16.  Riverhead Sav.

12
Bank v. National Mortg. Equity Corp. (9th Cir. 1990) 893 F.2d 1109, 1114.

13
   Here, Appellant was sanctioned $2,000.00 and ordered to pay attorney fees

14
in excess of $17,243.45 immediately, *before*, entry of the Default judgment.  Thus,

15
the factual similarities are unavoidably close, fulfilling the second element.

16

17

   **c.  The Third and Final Element Has Been Met.**

18
   In Riverhead (Riverhead 893 F.2d at 1114):

19

20
> The court also finds that the sanctions order satisfies the
21
> third *Cohen* criterion of effective unreviewability on
> appeal from a final judgment. The sanctions order
22
> effectively may be unreviewable if appeal is delayed
> until after final judgment because Umpqua currently is in
23
> receivership. **A strong likelihood of insolvency satisfies**
24
> **the third prong of the collateral order doctrine test**
> **because review of the sanctions order effectively**
25
> **would be denied if return of the money awarded were**
26
> **impossible**. *See Rosenfeld v. United States,* 859 F.2d
> 717, 722 (9th Cir.1988). **Several courts have held that**
27
> **the financial instability of the recipient of a sanctions**

28

**award renders the order effectively unreviewable for purposes of the collateral order doctrine.** *See, e.g., Palmer v. City of Chicago,* 806 F.2d 1316, 1319–20 (7th Cir.1986), *cert. denied,* 481 U.S. 1049, 107 S.Ct. 2180, 95 L.Ed.2d 836 (1987**) (holding that an award of interim attorney's fees was appealable under the collateral order doctrine as soon as it became enforceable, because there was a significant danger that "the fees would disappear into insolvent hands" from which the city could not recover them if the award were reversed on appeal)**; *Diaz v. Southern Drilling Corp.,* 427 F.2d 1118, 1122–23 (5th Cir.), *cert. denied,* 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed.2d 115 (1970) **(holding that a discovery sanctions order was appealable because prompt review was necessary to protect funds that would be subject to the claims of an intervening party)**; *cf. Matter of Hawaii Corp.,* 796 F.2d 1139, 1143 (9th Cir.1986)  [emphasis added]

Appellant filed and obtained ex parte relief permitting him to deposit the $17,243.45 in cash with the Clerk of the District Court, pending the outcome of Appellant's Motion for Stay of Execution or Alternative, approving alternate security, to be heard June 16, 2014, Pursuant to Rule 67.  In Appellant's June 16, 2013   Motion for Stay or Alternate security, Appellant designated Defendants AGAPE poor financial health and severe concerns that any fees turned over would likely never be returned in the event Appellant prevails on appeal.  Admittedly, Agape has a substantial judgment against it rendering them in poor financial health.        Thus the showing, and admission, of "poor financial health" is sufficient to meet the last requirement permitting immediate review under collateral source.   This Court should accordingly keep Appellant's appeal open and not dismiss it.

Lastly, " had the orders at issue here imposed liability solely on appellant, we would clearly have jurisdiction; had they imposed liability solely on plaintiffs,

5

we would not.  <u>Kordich v. Marine Clerks Ass'n</u> (9th Cir. 1983) 715 F.2d 1392, 1393.

   <u>Here</u>, the fees are solely liable to Appellant and do not involve the clients. Thus, Appellant should be allowed to proceed with his appeal on his own.

**III.   <u>CONCLUSION.</u>**

   Appellant respectfully requests this Court hold off on dismissing his appeal for several more weeks, as it would be impractical to wait less than three weeks to re-file and pay duplicative fees for the same work.  The Default Judgment in the entire case is due June 23, 2014.

   Alternatively, Appellant has met the three factors allowing for an arguably early appeal, as he has satisfied the three requirements for the collateral order exception, and respectfully request his appeal is not dismissed until after the final judgment on or around Mary 25, 2014

Dated:  June 4, 2014                    By:     /s/  H.G. Robert Fong_____
                                                H. G. Robert Fong
                                                Appellant

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

# Exhibit A

(Clerk's Entry of Default)

25
26
27
28

RESPONSE TO NINTH CIRCUIT ORDER FOR OSC DISMISSAL (SUBJECT MATTER JURISDICTION]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Jun-En Enterprise et al

PLAINTIFF(S)

v.

Peter K Lin et al

DEFENDANT(S).

CASE NUMBER

12-cv-02734 PSG (SSx)

## DEFAULT BY CLERK
## F.R.Civ.P. 55(a)

It appearing from the records in the above-entitled action that summons has been served upon the defendant(s) named below, and it further appearing from the affidavit of counsel for Plaintiff, and other evidence as required by F.R.Civ.P. 55(a), that each of the below defendants have failed to plead or otherwise defend in said action as directed in said Summons and as provided in the Federal Rules of Civil Procedure:

Now, therefore, on request of counsel, the DEFAULT of each of the following named defendant(s) is hereby entered:

Counter-Defendants: Jun-En Enterprises,

Agape Industry Co., Ltd.,

Shi Ru Yang, and

Hsiu-Ying Lu

Clerk, U. S. District Court

5/28/14

Date

By  B. Moss (213) 894-3538

Deputy Clerk

CV-37 (10/01)                    DEFAULT BY CLERK F.R.Civ.P. 55(a)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit B

(Minute Order Default)

8

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

Term #144/101

## CIVIL MINUTES - GENERAL

| Case No. | CV 12-2734 PSG (SSx) | Date | May 28, 2014 |
|---|---|---|---|
| Title | Jun-En Enterprises v. Lin, *et al.* | | |

Present:   The Honorable Philip S. Gutierrez, United States District Judge

| Wendy Hernandez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(In Chambers) Order Directing Clerk to Enter Default, Rendering Moot Counter-Claimants' Motion for Summary Judgment, and Vacating Pretrial Conference and Trial Dates**

On May 16, 2014, the Court ordered Jun-En Enterprises, Agape Industry Co., Ltd., Shi Ru Yang, and Hsiu-Ying Lu (collectively, "Counter-Defendants") to show cause by May 27, 2014 why their Answers should not be stricken in order to allow Peter Lin and Agape Industrial, Inc. (collectively, "Counter-Claimants") to proceed by default instead of summary judgment. Dkt. # 162. Counter-Defendants responded to the Court's order to show cause on May 26, 2014. Dkt. # 170. They declare that while the Court should not strike their Answers, it should enter default against them because they "will not come to trial this summer" and "do not intend to contest this matter further." *Id.* 3:7-8. Such statements satisfy the requirements for entry of default under Federal Rule of Civil Procedure 55(a), which states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Court therefore ORDERS the Clerk of Court to enter default against Counter-Defendants Jun-En Enterprises, Agape Industry Co., Ltd., Shi Ru Yang, and Hsiu-Ying Lu. Counter-Claimants are directed to file a motion for entry of default judgment, setting forth their requested relief, by **June 23, 2014**. Further, because Counter-Defendants acquiesce to entry of default, Counter-Claimants' pending motion for summary judgment is rendered MOOT, and the Court VACATES the June 9, 2014 Final Pretrial Conference and June 24, 2014 Jury Trial dates.

    **IT IS SO ORDERED.**